UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH MASON ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-2619** |
| | * | |
| **AUTO CLUB FAMILY INSURANCE COMPANY** | * | **SECTION "L" (4)** |

ORDER & REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Auto Club Family Insurance Co. (Rec. Doc. No. 9). The Court has reviewed the submitted memoranda and applicable law and is ready to rule. For the following reasons, the motion is granted.

I. BACKGROUND AND PRESENT MOTION

This case arises out of damages sustained by the home of Plaintiffs Keith and Jeanine Mason as a result of Hurricane Katrina. In their Complaint, Plaintiffs allege that they purchased a homeowner's insurance policy from Defendant and that after the storm, they presented claims for damages in a timely fashion to Defendant. Pls.' Compl. para. VIII, XIV (Rec. Doc. No. 1). Plaintiffs further aver that Defendant has refused to satisfied its obligations under the policy, *id.* para. XXIII, and that its refusal to do so is arbitrary and capricious, *id.* para. XXXVI, XL. Plaintiffs thus seek recovery under the insurance policy, as well as the extra-contractual forms of relief available under the various Louisiana statutes. *Id.* para. XXVIII, XLI.

In their Complaint, Plaintiffs acknowledge that this is not the first time that they have instituted a lawsuit against Defendant in connection with the damages sustained by their home as a result of Hurricane Katrina. *See id.* para. V. Plaintiffs first filed an action against Defendant in 2006 in state court. *See* Def.'s Ex. 1 at 1 (Rec. Doc. No. 9-3). In their complaint in that case,

1

Plaintiffs alleged that they had homeowner's coverage with Defendant and that Defendant "refused to pay . . . sufficient sums to recompense [them] for the damages sustained" by their home as a result of Hurricane Katrina. *Id.* at 2. Following removal to this Court, Defendant filed a motion for judgment on the pleadings, Plaintiffs failed to respond, and the Court granted that motion and entered judgment dismissing the complaint. *See Mason v. AAA Ins. Co.*, No. 07-445, Rec. Doc. Nos. 9 & 10 (E.D. La. 2007) [hereinafter *Mason I*]; *see also* Def.'s Ex. 2 & 3 (Rec. Doc. No. 9-3).

Soon thereafter, Plaintiffs initiated a second action in state court. *See* Def.'s Ex. 4 at 7 (Rec. Doc. No. 9-3). In their complaint in that case, Plaintiffs made the same allegation that they had homeowner's coverage with Defendant and that Defendant "refused to pay . . . sufficient sums to recompense [them] for the damages sustained" by their home as a result of Katrina. *Id.* at 7-8. Once again, the action was removed to this Court, Defendant filed a motion for judgment on the pleadings, Plaintiffs failed to respond, and the Court granted the motion and entered judgment dismissing the complaint. *See Mason v. AAA Ins. Co.*, No. 07-9483, Rec. Doc. Nos. 18 & 19 (E.D. La. 2008) [hereinafter *Mason II*]; *see also* Def.'s Ex. 5 & 6 (Rec. Doc. No. 9-3). Plaintiffs filed a motion for reconsideration, which the Court denied. *See Mason v. AAA Ins. Co.*, No. 07-9483, Rec. Doc. No. 46 (E.D. La. 2009). On appeal, the Fifth Circuit affirmed. *Mason v. Auto Club Family Ins. Co.*, 372 Fed. App'x. 470, 471 (5th Cir. 2010).

The instant case, filed in August 2010, is thus the third action instituted by Plaintiffs against Defendant. In its Answer to Plaintiff's Complaint in this case, Defendant asserted the affirmative defenses of res judicata and prescription, Def.'s Answer para. 45, 46 (Rec. Doc. No. 5), and it has now filed a motion for summary judgment. In its brief, Defendant argues that

2

Plaintiffs' claims should be dismissed because they are barred under the doctrine of res judicata and are prescribed. Plaintiffs oppose Defendant's motion. Plaintiffs contend that their previous actions do not preclude them from asserting the claims presented in the Complaint in this case. They also assert that their claims are not prescribed.

## II. LAW AND ANALYSIS

The Supreme Court has held that the preclusive effect of a judgment entered by a federal court exercising diversity jurisdiction is a question of federal common law, but that in general, it is to be determined by reference to the law of the state whose substantive law applied in that diversity action. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see also Am. Home Assurance Co. v. Chevron USA, Inc.*, 400 F.3d 265, 272 n.20 (5th Cir. 2005). A court may refuse to consider the relevant state law only if that law "is incompatible with federal interests." *Semtek*, 531 U.S. at 509.

In *Mason I* and *Mason II*, Plaintiffs' claims all arose under Louisiana law. No party has suggested that the res judicata law of Louisiana in effect when the judgments in *Mason I* and *Mason II* were entered is incompatible with federal interests, and it is doubtful that such an argument can plausibly be made. *See, e.g.*, *Smolensky v. McDaniel*, 144 F. Supp. 2d 611, 615 (E.D. La. 2001) (suggesting that "the Louisiana law of res judicata is essentially the same" as federal res judicata law).[1] Accordingly, the Court is to determine the preclusive effect of the judgments in *Mason I* and *Mason II* by reference to the res judicata law of Louisiana.

---

[1] It is true that prior to amendments that took effect in 1991, "Louisiana law on res judicata was substantially narrower than federal law." *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 666 So.2d 624, 631 (La. 1996). But, as noted above, the judgments in *Mason I* and *Mason II* were entered in 2007 and 2008.

Louisiana's res judicata statute provides that if a valid and final judgment is "in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." La. Rev. Stat. Ann. § 13:4231(2). As the Louisiana Supreme Court has explained, "a second action is [thus] precluded when all of the following are satisfied: (1) the judgment [in the prior action] is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Burguieres v. Pollingue*, 843 So.2d 1049, 1053 (La. 2003).

All of these elements are present here. First, a judgment is valid if the court that rendered the judgment had both personal and subject-matter jurisdiction. La. Rev. Stat. Ann. § 13:4231 cmt. d.[2] In both *Mason I* and *Mason II*, Defendant did not raise an objection to personal jurisdiction in its answers to Plaintiffs' complaints.[3] As a result, it waived any objection it might have had to personal jurisdiction in both cases. *See, e.g.*, *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) (noting that "a party's right to object to personal jurisdiction certainly is waived . . . if such party fails to assert that objection in his first pleading or general

---

[2] In addition, "proper notice [of the lawsuit] must have been given." La. Rev. Stat. Ann. § 13:4231 cmt. d. This requirement is undoubtedly satisfied when, as here, the party against whom the defense of res judicata is asserted was the plaintiff in the prior action.

[3] The Court takes judicial notice of the records in *Mason I* and *Mason II* that Defendant did not attach as exhibits to its motion. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1975) (noting that a district has "the right to take notice of its own files and records" and that it has "no duty to grind the same corn a second time"); *see also Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410-11 (5th Cir. 2010).

4

appearance").

The Court in *Mason I* and *Mason II* also had subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). The amount that allegedly remained recoverable under the policy for structural damage alone is about $178,000. *See* Pl.'s Opp. Mem. at 2 (Rec. Doc. No. 15). This clearly exceeds the jurisdictional threshold of $75,000. In addition, Plaintiffs are citizens of Louisiana, and Defendant is a Missouri corporation with its principal place of business in Missouri. *See* Def.'s Answer para. 1 (Rec. Doc. No. 5). The Courts in *Mason I* and *Mason II* thus had subject-matter jurisdiction, and the judgment entered in those cases are valid.

Second, the judgments in those cases are final. A judgment is final for the purposes of res judicata if it "disposes of the merits in whole or in part." La. Rev. Stat. Ann. § 13:4231 cmt. d. In both cases, Defendants filed motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), *see* Def.'s Ex. 2 & 5 (Rec. Doc. No. 9-3), and the Court entered judgment based on its decision to grant those motions, *see* Def.'s Ex. 3 & 6 (Rec. Doc. No. 9-3). It is well settled that a motion for judgment on the pleadings "dispos[es] of cases on the basis of the underlying substantive merits of the parties' claims." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004); *accord Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). While the Court in *Mason I* and *Mason II* did take into account the failure of Plaintiffs to respond to those motions in dismissing their claims, the fact that the Court also reached the merits of the motions means that the judgments entered in *Mason I* and *Mason II* are final for the purposes of res judicata.

Third, the parties in *Mason I*, *Mason II*, and the instant case are "the same." *Burguieres*, 843 So.2d at 1054. The Louisiana Supreme Court has explained that for parties to be "the same"

for the purposes of res judicata, they "must appear in the same capacities in both suits." *Id.* at 1054. As noted above, Plaintiffs Keith and Jeanine Mason have appeared in all three cases as the insured under their homeowner's insurance policy, and Defendant Auto Club Family Insurance Co. has appeared as the insurer under that policy. Thus, there is the requisite "identity of capacity" across *Mason I*, *Mason II*, and the instant case. *Id.*

The fourth and fifth requirements are intertwined. As Comment (e) to the res judicata statute explains, "a plaintiff must assert all of his rights and claim all of his remedies arising out of the transaction or occurrence" that is the subject matter of the first litigation. La. Rev. Stat. Ann. § 13:4231 cmt. e. "Claims that arise . . . before trial" are to be considered to "relate back to the time of the original filing" and thus must be asserted if "they arise out of the transaction or occurrence set forth in the original petition." *Id.* In contrast, "[a] cause of action which [arises] after the rendition of the final judgment could not have been asserted earlier and [thus is not] precluded by the judgment." *Id.*

Here, there is no question that the claims pressed by Plaintiffs in the instant case arise out of the same transaction or occurrence that are the subject matter of *Mason I* and *Mason II* and that they could have been asserted when *Mason I* was filed in 2006 and *Mason II* was filed in 2007. In this case, Plaintiffs allege that they had a homeowner's insurance policy with Defendant, Pls.' Compl. para. VIII, and that following Katrina, Defendant "refused to adequately adjust" their claims under the policy for "damages sustained as a result of the hurricane," *id.* para. XIX. Based on this, Plaintiffs assert a breach-of-contract claim, *id.* para. XXIII, as well as claims under the Louisiana statutes that authorize extra-contractual relief for an insurer's "arbitrary and capricious" behavior, *see id.* para. XL.

In *Mason I* and *Mason II*, Plaintiffs similarly alleged that Defendant "refused to pay [them] sufficient sums to recompense [them] for the damages sustained" by their home as a result of Hurricane Katrina. Def.'s Ex. 1 at 2 (Rec. Doc. No. 9-3); Def.'s Ex. 4 at 7-8 (Rec. Doc. No. 9-3). Clearly, then, the claims that Plaintiffs assert in the instant case arise out of the same transaction or occurrence that was the subject matter of *Mason I* and *Mason II* -- namely, the alleged failure of Defendant to pay the amount due under the homeowner's policy for damages sustained by their home as a result of the hurricane. The fact that Plaintiffs in *Mason I* and *Mason II* sought recovery under the separate proviso of Louisiana's "valued policy" law, La. Rev. Stat. Ann. § 22:1318, is inconsequential. Plaintiffs could and should have pursued all of their theories of recovery in the earlier proceedings. *See* La. Rev. Stat. Ann. § 13:4231 cmt. e.

It is true that there are several exceptions to preclusion under the doctrine of res judicata. In particular, "[a] judgment does not bar another action by the plaintiff: (1) when exceptional circumstances justify relief from the res judicata effect of the judgment; (2) when the judgment dismissed the first action without prejudice; or, (3) when the judgment reserved the right of the plaintiff to bring another action." *Id.* § 13:4232. None of these exceptions apply in this case, however. First, Plaintiffs have not identified "exceptional circumstances" that justify relief from the res judicata effect of the judgments entered in *Mason I* and *Mason II*. Such circumstances do not exist if "the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation." *Id.* § 13:4232 cmt. Rather, relief under this exception is proper "only in truly exceptional cases." *Id.*

In their brief, Plaintiffs cite to *Chauvin v. State Farm Mutual Automobile Insurance Co.*, No. 06-7145, 2007 WL 2903321 (E.D. La. 2007), to suggest that such relief is appropriate. But

7

that case involved circumstances different than the ones here. In *Chauvin*, the plaintiffs had participated in earlier litigation that sought to proceed as a class action. *See id.* at *1, *7. The Court concluded that under the "exceptional circumstances" exception, it was proper "to permit members of a class to prosecute their individual claims after resolution of the class claims." *Id.* at *6. The Court observed that Rule 23 of the Federal Rules of Civil Procedure weighs against plaintiffs bringing individual claims along with class claims. *See id.* at *7 (citing *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867 (1984)). Here, the prior litigation whose res judicata effect is at issue were not class actions. Instead, Plaintiffs were the only plaintiffs in *Mason I* and *Mason II*. As a consequence, the decision in *Chauvin* is of no help to Plaintiffs.

The second exception to the res judicata rule also does not apply to this case. Although the judgment in *Mason I* did not specify whether Plaintiffs' complaint was dismissed with or without prejudice, *see* Def.'s Ex. 3 (Rec. Doc. No. 9-3), the Fifth Circuit has long recognized that under Rule 41(b), an involuntary dismissal is with prejudice unless the district court specifies otherwise. *See, e.g.*, *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n.6 (5th Cir. 2004); *Tuley v. Heyd*, 482 F.2d 590, 594 n.2 (5th Cir. 1973). Thus, the dismissal of Plaintiffs' complaint in *Mason I* was with prejudice. Moreover, the judgment in *Mason II* states on its face that it was dismissing Plaintiffs' claims with prejudice. *See* Def.'s Ex. 6 (Rec. Doc. No. 9-3).

In their brief, Plaintiffs cite to *Sampia v. Hanover Insurance Co.*, No. 06-9081, 2007 WL 496613 (E.D. La. 2007), in which the Court found the second exception to the res judicata rule applicable, *see id.* at *3. There, however, the Court allowed the plaintiff to maintain a second action against the insurer in part because the order of dismissal in the first action expressly limited its own reach and thus did not "prejudic[e] any additional claims." *Id.* at *2. In this case,

the Court is unable to find "language limiting the scope" of the orders and judgments in *Mason I* and *Mason II*. *Id.* at *3. Thus, the decision in *Sampia* is also of no help to Plaintiffs.

Finally, the judgments in *Mason I* and *Mason II* did not reserve to Plaintiffs the right to bring another action, and Plaintiffs do not attempt to suggest otherwise. As a result, none of the exceptions to the res judicata rule apply, the judgments in *Mason I* and *Mason II* preclude Plaintiffs from litigating the claims that they have asserted in this case, and Defendant's motion for summary judgment must be granted. Because the doctrine of res judicata requires the dismissal of Plaintiffs' claims in this matter, it is unnecessary for the Court to address Defendant's separate argument that Plaintiff's claims are also prescribed.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 9) is hereby **GRANTED**. Plaintiffs' claims against Defendant are **DISMISSED** with prejudice.

New Orleans, Louisiana, this 29th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE